IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


FEDERATED MUTUAL            )
INSURANCE COMPANY           )
                            )
     Plaintiff,             )
                            )          CIVIL ACTION NO.
     v.                     )          2:10cv64-MHT
                            )             (WO)
ETERNAL SERVICES, INC.,     )
a corporation, et al.,      )
                            )
     Defendants.            )

OPINION AND ORDER

The allegations of the plaintiff's amended complaint
are insufficient to invoke this court's jurisdiction
under 28 U.S.C. § 1332. To invoke jurisdiction based on
diversity, a complaint must distinctly and affirmatively
alleged each party's citizenship. McGovern v. American
Airlines, Inc., 511 F. 2d 653, 654 (5th Cir. 1975) (per
curiam).[1]

---

1. In Bonner v. City of Prichard, Ala., 661 F.2d
1206, 1209 (11th Cir. 1981) (en banc), the Eleventh
Circuit Court of Appeals adopted as binding precedent all
of the decisions of the former Fifth Circuit handed down
prior to the close of business on September 30, 1981.

28 U.S.C. § 1332(c) provides that a corporation shall be deemed a citizen, first, of all States by which it has been incorporated and, second, of the State where it has its principal place of business. To invoke jurisdiction based on diversity in a case in which a corporation is a party, it is thus necessary to allege distinctly and affirmatively all the States by which the corporation has been incorporated <u>and</u> the State in which the corporation has its principal place of business. <u>American Motorists Ins. Co. v. American Employers' Ins. Co.</u>, 600 F.2d 15, 16 and n.1 (5th Cir. 1979) (per curiam). The plaintiff's complaint fails to allege sufficiently the citizenship of corporate defendants Eternal Services, Inc. and Forest Hills Memorial Park, L.L.C.

In addition, the plaintiff's amended complaint fails to meet § 1332's requirements because the complaint gives the "residence" rather than the "citizenship" of defendants Robert Lonsdale and Susan Broadway (to the extent she has been sued individually). An allegation

that a party is a "resident" of a State is not sufficient to establish that a party is a "citizen" of that State. Delome v. Union Barge Line Co., 444 F.2d 225, 233 (5th Cir.), cert. denied, 404 U.S. 995 (1971).

The amended complaint is also insufficient because it does not indicate what type of entity plaintiff Federated Mutual Insurance Company is and thus it does not adequately indicate its citizenship. If the entity is a corporation, then the complaint must allege the citizenship of both the State of incorporation and where the corporation has its principal place of business. 28 U.S.C. § 1332(c)(2); American Motorist Insur. Co. v. American Employers' Insur. Co., 600 F.2d 15, 16 & n. 1 (5th Cir. 1979) (per curiam). If the entity is a partnership, the complaint must indicate the citizenship of the individual partners, both general and limited. Carden v. Arkoma Associates, 494 U.S. 185 (1990). If the entity is an unincorporated association, the complaint must indicate the citizenship of each and every one of

its members.  <u>Xaros v. U.S. Fidelity and Guar. Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987).  If the entity is a limited liability company, the complaint must allege "[t]he citizenships of all members of the limited liability company." <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11 Cir. 2004).[2] (And if the entity consists of several entities, the complaint must reflect the citizenship, or citizenships, of each and every entity based on the nature of that entity.)

Finally, the plaintiff has sued defendant Susan Broadway in her capacity as personal representative for the estate of a decedent.  "[T]he legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent ...."  28 U.S.C. § 1332(c)(2).  Because the complaint sets forth only the citizenship of the personal representative and not that

_____

2.  If Forest Hills Memorial Park, L.L.C. is really just a "company" and not a corporation, then the complaint should be amended to reflect its citizenship as a limited liability company.

4

of the decedent, the complaint does not adequately establish the ground for this court to assume jurisdiction of this matter.

It is therefore the ORDER, JUDGMENT, and DECREE of the court that the plaintiff has until March 12, 2010, to amend its amended complaint to allege jurisdiction sufficiently; otherwise this lawsuit shall be dismissed without prejudice.

DONE, this the 18th day of February, 2010.


    /s/ Myron H. Thompson    
UNITED STATES DISTRICT JUDGE